FILED
2017 Aug-25 PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| LAKISHA R. THOMAS,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | 7:16-cv-01627-LSC |
| UNITED STATES COPYRIGHT OFFICE, | )<br>)<br>)<br>) | |
|     Defendant. | )<br>) | |

**MEMORANDUM OF OPINION**

Plaintiff, Lakisha Thomas, filed a complaint on October 3, 2016, against the United States Copyright Office. On October 31, 2016, the Plaintiff's motion for leave to proceed *in forma pauperis* was granted under 28 U.S.C. § 1915 (a). (Doc. 10 at Page 1.) Plaintiff filed a motion for a hearing (doc. 12) on August 25, 2017.

Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), this Court is required to dismiss a case if at any time the court finds the action (i) "is frivolous or malicious" or (ii) "fails to state a claim on which relief may be granted." A district court has the authority to dismiss an *in forma pauperis* case if the court deems the case frivolous, or if the pleadings fail to state a claim. *See Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007). "A case is frivolous if (1) the factual allegations are 'clearly baseless' or (2) it is based on an 'indisputably meritless legal theory.'" *Id.* (quoting *Carroll v. Gross*, 984

F.2d 392, 393 (11th Cir. 1993). "A complaint fails to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *Id.* (quoting *Marsh v. Butler County*, 268 F. 3d 1014, 1022-23 (11th Cir. 2001).

Interpreting the instant pleadings in a light most favorable to the plaintiff, this Court finds they are legally frivolous, lack merit, fail to state a claim, and therefore are subject to dismissal. Plaintiff's pleadings, although unclear, appear to allege the U.S. Copyright Office failed in its duty to prevent various singers, record labels, radio stations, and YouTube from using Plaintiff's art, name, or likeness in some manner. The pleadings do not include reference to specific incidences of copyright infringement. They do not specify which copyright was violated, nor do they indicate which artists allegedly violated it.

Plaintiff has named the U.S. Copyright Office as the sole Defendant. While the U.S. Copyright office maintains records of registered copyrights, it is not charged with a duty to actively enforce the copyrights it holds. *See Stopping Copyright Infringement*, United States Copyright Office: a Department of the Library of Congress (March, 10, 2010), https://copyright.gov/help/faq/faq-infringement.html. Absent a duty, Plaintiff has no legally actionable claim against the Office.

The pleadings contain no allegation of a specific violation on which a possible copyright claim could be made. As such, this action is due to be dismissed.

Accordingly, Plaintiff's motion for a hearing filed on August 25, 2017 (doc. 12) is due to be denied as moot.

**DONE** and **ORDERED** on August 25, 2017.

L. Scott Coogler
United States District Judge

190685